Mr. Justice Clayton
delivered the opinion of the Court.
The only point presented by this record is, whether upon a judgment against an executor, on which the execution is returned nulla bona, a scire facias can be sustained by the creditor against-the heir or devisee to subject the real estate. By the Common Law it would seem, .in such case, that the scire facias would not lie. Busby v. Roberts, 3 Haywood, 300. The remedy was confined to cases of judgment against the decedent in his lifetime. The statute of George II., which subjected lands in the colonies to sale under execution, and which has been followed by statutes of a similar character in many of our States, has been holden to have produced no change in this respect. 3 Hay. 301. This view has prevailed in Alabama., See Bells, et al. v. Heirs of Robinson, 1 Stewart, 194. It is true, in some of the other States, the lands are sold under execution and against the personal representative, although the heir be no party to the proceedings. 4 Kent, 428, 429.
In the case cited from 2 How. 601, there had been judgment against the ancestor in his life.
By our law, at the death of any one, his whole property becomes liable to the payment of his debts, and is converted into a trust-fund for that purpose. If the estate is insolvent, the statute prescribes a particular mode to be pursued in its administration. If by getting judgment against the executor or administrator, the creditor obtained the right to subject the real estate in any other mode than the one prescribed by the statute, he might in 'that way obtain a preference over other cieditors, when the object of the law is, in such case, to preserve exact equality. As the statute does not authorize this course, we think the Court below did right in sustaining the demurrer.
The judgment is therefore affirmed.